**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DONAL R. EDWARDS, | ) | |
| | ) | CIV. A. NO. 22-387-KD-MU |
| Plaintiff, | ) | |
| | ) | CIV. A. NO. 22-479-KD-MU |
| vs. | ) | |
| | ) | CIV. A. NO. 23-029-TFM-MU |
| ESCAMBIA COUNTY SHERIFF | ) | |
| DEPARTMENT, *et al*., | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff currently has three civil actions in this Court under 42 U.S.C.§ 1983, which are referenced above.[1] On October 2, 2023, the Court received notice from Edwards that he is no longer incarcerated. (*See* Doc. 60, filed in Case No. 22-cv-479-KD-MU). However, Plaintiff filed this action while he was a prisoner and, as a consequence, is obligated to the pay the entire $350.00 filing fee in each action. *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (finding a prisoner is obligated to pay the full filing fee for filing an action or appeal while he is incarcerated, and his subsequent release does not relieve this obligation); 28 U.S.C. § 1915(b)(1). Consequently, for Plaintiff to proceed with the litigation of his actions,

---

[1]    In case number 22-387-KD-MU, *Edwards v. Escambia County Sheriff Department, et. al.*, Defendants have been granted an extension to file their Answer and Special Report, which is now due on or before October 20, 2023. (*See* Doc. 28). In case number 22-479-KD-MU, E*dwards v. Escambia County Corrections, et al.*, Defendants Sheriff Heath Jackson, Warden Richard Hetrick , Kristy Godwin have Answered the suit and filed a Special Report. (*See* Docs. 58, 59). These documents are awaiting review by the Court. In case number 23-29-TFM-MU, *Edwards v. Thompson, et al.*, a Report and Recommendation was entered on August 9, 2023, recommending the dismissal of this action. (*See* Doc. 15). Edwards filed an Objection to the Report and Recommendation, which has been referred to the assigned U.S. District Judge and is pending review.

Plaintiff is **ORDERED** to pay the $350.00 filing fee in each case (minus any partial filing fee he may have paid) by **October 31, 2023**, because the Court no longer has the means by which to collect the amounts owed (*i.e.*, from his inmate account). The current amounts owed are as follows:

- **Civ. Act. 22-387-KD-MU**. Plaintiff has made a partial payment of $4.66. (Doc. 9). Accordingly, Plaintiff owes the remainder fee amount of **$345.34**.

- **Civ. Act. 22-479KD-MU**. Plaintiff has made a partial payment of $1.60. (Doc. 12). Accordingly, Plaintiff owes the remainder fee amount of **$348.40**.

- **Civ. Act. 23-0029-TFM-MU**. Plaintiff has made a partial payment of $1.33. (Doc. 9). Accordingly, Plaintiff owes the remainder fee amount of **$348.67**.

If Plaintiff is unable to pay the amounts owed in one, lump-sum payment at that time, Plaintiff may file a new motion to proceed without prepayment of fees by **October 31, 2023.**  Should Plaintiff elect to file a new motion, the motion should include information that explains how he is providing for life's basic necessities.  To the extent that he is receiving assistance in meeting the basic necessities, he is **DIRECTED** to detail the amount of such assistance and provide the name of the individual entity providing such assistance. If Plaintiff files a new motion, the Court will review it and establish an appropriate payment schedule for the payment of the remainder of the $350.00 filing fee in each of his three filed actions. The failure to timely make a scheduled payment will result in a recommendation of dismissal without further notice. None of Plaintiff's three actions will proceed until the Court receives within the prescribed time the payment of the remainder of the $350.00 filing fee for the respective case **or** a new motion to proceed without prepayment of fees.

For the sake of efficiency, if Plaintiff elects to file a new motion to proceed without prepayment of fees, he may file it under any one of his open case numbers and the

Court will use the information provided in the motion for all three actions. Stated another way, Plaintiff only has to file one motion to proceed without prepayment of fees; he does not need to file three motions for his three cases.

The failure to comply with this Order by **October 31, 2023** or to notify the Court of a change in address will result in a recommendation of dismissal of this action for failure to prosecute and to obey the Court's Order.

The Clerk is **DIRECTED** to send Plaintiff a form for a motion to proceed without prepayment of fees.

**DONE** this **3rd** day of **October**, 2023.

**/s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**

3